case number 20-5876 the United States of America v. Timothy Wellman all arguments not to exceed 15 minutes per side Mr. J. Kent Wicker for the appellant. Good afternoon your honor good afternoon your honor and may it please the court my name is Kent Wicker I represent the appellant Mr. Timothy Wayne Wellman I'd like to reserve four minutes of my time for rebuttal the witnesses at issue in this case every one of them told the government the following information that they made a political contribution at the request of Mr. Wellman that the money came from Mr. Wellman at or about the time of the contribution and that the money from Mr. Wellman made it possible for them to make the contribution the disagreement arose and the charges arose about what the witnesses and Mr. Wellman were thinking about when they when he gave them the money some of the witnesses said that they understood they were being paid for past debts or that they were given loans the government thought these statements were untrue but true or false the statements were not material to a federal bribery charge under 18 U.S.C. 666 a bribery case would require the government to prove that the defendant conveyed something of value in exchange for a governmental action a quid pro quo the question about what the arrangement was between Mr. Wellman and the witnesses makes no difference to either element of that offense that the government was investigating so in this case we had one question to one witness about materiality the government financial analysts said that quote we're trying to understand the nature of these contributions and the source of the money close quote but there was no false statement about the source of the money the government knew before they asked a question from bank records and other sources that Mr. Wellman was the source before it asked the question and the witnesses didn't deny it the government's witness in explaining what was material never explained what he meant by quote nature of the contribution and there was never any other evidence offered on this point but we know from the elements of a 666 prosecution that the only important part about the nature of a payment was whether it was offered in exchange for a particular governmental act and neither the questions nor the answers related to that issue so the statements about how the witness and Mr. Wellman were characterizing the payments even if those statements were false could not have impeded the government's understanding of the nature of the payments in any way that was relevant to a 666 investigation or prosecution it is the essence of a false statement trial or an obstruction trial that the government must prove that the conduct was important for false statements count we call that a materiality element for an obstruction count we call that element a question of whether the actions impeded the grand jury's investigation or the agency's investigation but both really mean the same thing the government has to show that the false statement was in some way important enough to an investigation into a federal crime to attach a criminal penalty to it and that's where the government failed here so let me say it this way what if the proof were that Mr. Wellman intended to bribe city councilmen for government favors but the money all came from people that he had loaned money to and he really intended to get it back now that's a 666 violation it wouldn't make any difference whether he donated the money himself or he made gifts to other people to do it or he encouraged donations from wealthy friends that issue doesn't relate to any of the elements of the crime and it's not a defense to any of the elements of the crime so it's not material to a 666 prosecution in their in their brief not a trial but in their brief the government says that if the contributions were made as part of a straw contribution scheme then the likelihood of a quid pro quo rises astronomically but that's not true at all in this case because loaning money to make a contribution violates Kentucky's straw contribution statute just as much as giving a gift or making some other payment to make a contribution they all violate the straw contribution statute krs 121.150 so the witnesses admitted a straw contribution when they were first interviewed and which part of the statute or which word in the statute is violated is immaterial the question is was the question and the false statement answer material to the government's prosecution under 666 violation and it was not why why are these not part and parcel it's sort of the same the same offense in other words the thought was that there was bribery going on here and there were suspicious contributions made to the to these candidates and the answers to why those contributions were made and for what purpose were potentially relevant to the overarching bribery scheme I guess you're I mean you might be right that this is a separate state law of crime in a way but why isn't why isn't the government within its right to be asking these questions as part of its broader robbery investigation to figure out what all was going on with respect to these contributions and how the overall scheme was working so that the two statutes are very different actually your honor the um private statute versus the straw contribution statute okay exactly especially in the context of a of a political campaign contribution so campaign contribution is a situation in which somebody is allowed to give money to the benefit of a government actor the question is is it in exchange for a particular government favor that the that the government official is is able to get so so that's the important question that's the element that the government have to had to prove they couldn't prove it so no no such charges were brought but the method of transfer of that money between between two parties who all admitted that they gave money at Mr. Wellman's request didn't make it any more likely or any less likely that there was a an intent to get a particular government action out of those whether the question is the issue whether the questions are asking are material or whether the answers are material well whether the answer sorry because if you're asking questions if you're asking questions that are material potentially material doesn't maybe it doesn't matter what the answers are but go ahead it does your honor the statute talks about false statements so the statements are made by the witness and presumably in response to questions from the government so it's the it's the it's the answer that is either illegal or illegal but the question also tells us something about how it's material how the answers are they never asked these witnesses about whether favors were expected in response for for the contribution wasn't it relevant to the 666 case to determine what money was paid or contributed from Wellman so that look if Wellman just contributed his own that's one case if he bundled the way people normally bundle that's another case but if he affirmatively paid a huge amount of money from his own pocket that's another case and wasn't this relevant to whether that third option was the in reality what happened well two responses your honor first of all this is there was not a huge amount of money involved in this case the total amount between Mr. Wellman's contributions and the witnesses was $16,000 so it's a very far from a huge amount especially in the context of political fundraising these days and the second part is that bundling money and helping bundle money to be contributed to a candidate is also illegal if it is done in exchange for a particular governmental favor so if I go out and ask 10 of my friends to make contributions and the congressman or the councilman and I have this understanding I'm going to get all these contributions for you but in exchange for doing that you're going to give me a governmental favor that's also illegal so the relationship between the person with an interest the encourager and the person who actually makes the payment that relationship is immaterial it has nothing to do with the elements of the crime it's not a defense it's it's just an immaterial issue that had no relevance and no materiality in this case also thank you question about a different um a different charge the obstruction of the proceeding charge just um as a matter of sort of the legal framework we should use a lot of courts have applied this nexus test um you know they want to look and see whether the obstructive conduct was connected to a specific official proceeding they sort of looked at the nexus between the two and maybe we haven't been uh as forward on that issue as some other circus do you think that's the right framework to use on that claim um it is your honor it's kind of a um the flip side of of what we've been talking about today so one way you can look at the question is is the statement made to the grand jury or to the investigator material to that investigation oh and the other way of looking at it is is there a nexus between a federal investigation as opposed to a state court investigation and the statement that the government believes is false so i think it is a helpful what helpful way of looking at it and and really two ways of saying this of engaging in the same analysis okay unless you have further questions i'll rely on my rebuttal time all right mr chapman thank you judge gibbons good afternoon your honors uh james chapman for the united states may it please the court i'd like to begin if i may judge raylor with your last question to my friend um and i believe the question was uh should the investigate should the obstruction of the grand jury investigation sort of be tied to a specific uh proceeding i think we certainly have that in this case obviously given the uh the ties to the grand jury testimony uh at issue but i do think that statute is broader than uh purely uh presenting false testimony at a grand jury proceeding itself it is obstruction of the grand jury investigation and that certainly includes uh interviews by law enforcement officers yeah i think i appreciate that i was i was trying to get not not to narrow it the way you just suggested i'm i may have inadvertently tried to do but just to make sure i was looking at the right framework what i was referring to as the nexus test just because a lot of circuits have all that lead and you suggested that that's probably the right approach but i'm not sure we've squarely said it anywhere unless your honor had well what's the answer to that question uh that was the question i tried to ask your friend on the other side well your your honor i don't believe a nexus test was briefed in this case i mean there certainly is a nexus to the grand jury investigation here given the false statements to the investigators is there anything wrong with applying that test here not that i can perceive your honor uh unless your honor has any other questions on that point i'll speak to materiality uh your honor are the government's theory of materiality uh and what we think obviously the jury in this case reasonably saw as material uh is that the false statements about the uh about the reasons for mr wellman's reimbursements to these straw donors are material because uh we think it's uh obvious and we think at a minimum a jury could reasonably conclude that uh that contributions to political if it is part of an orchestrated straw donation campaign as opposed to if each of the individuals simply made the decision on their own accord for whatever reasons they desire to donate to a political candidate on their own why because your honor the the odds of that donation being the quid for a subsequent pro rises astronomically as we said in the brief if uh the here the councilman or if a political candidate is aware that all of these donations are not actually in reality just individual donations from uh from citizens who like their policies but instead are actually part of a straw donation campaign orchestrated behind the scenes by a single individual who is wanting something in return for that for that donation here of course that's something but you knew that all of it came from wellman in the sense that he had bundled it we knew the source yes right so we did not know the reasons well yeah but what what difference would it make why is it material whether it came out of his pocket or he just hustled like crazy with other people because if if it comes out of his pocket for uh for the reason of uh uh reimbursing a straw donor uh that is that is materially different than if he simply made the decision well i just want to give this person a thousand dollars because they donated to somebody that i like if it's an orchestrated straw donor campaign then the odds of this being a bribe uh certainly increase and at a minimum the jury you keep saying that but i'm asking why why is it more likely a bribe if if it was a strawman as opposed to presenting the candidate with whatever amount it is as you know here i got you this much money because the odds that the candidate understands that this money is coming with with the expectation of something in return rises astronomically when this is a straw contribution campaign why i'm asking why i want to know your reasoning because it's your your friend is saying it doesn't as long as you know that it's from that person it doesn't matter the circumstances don't matter and i'm asking you why the circumstances change the inferences because your honor one of the essential elements of a federal bribery charge is sort of is corrupt intent and the and orchestrating a straw contribution campaign that absolutely goes to intent that goes to corruption uh as this court very eloquently said in terry not every contribution is a bribe in sheep's clothing we have to be able to differentiate between legitimate contributions and contributions that could be considered a bribe and this is one every case is going to be different of course but if a straw contribution campaign exists that is just one indication that this could be a bribe and that so that is certainly material in an investigation like this you know can i try to reduce this to a little more factual discussion i don't i mean obviously i'm not sure exactly how this investigation originated or played out but i would assume that it probably either began with observation of a pattern of contributions uh from people who had limited means many of whom worked for this company that mr wellman was associated with and that then when you started going a little deeper you got various stories about you know what the money was for and so on and so forth is that factually what happened is that pretty close yes your honor it is okay and so those would have been the facts that would have made federal law enforcement proceed further to try to interview some of the individuals who had made contributions to what were presented to the council members as donations is that right further that that's absolutely correct your honor and what those investigations or excuse me what those interviews showed were except for one or two exceptions all of these individuals told the investigators false stories about the reasons that mr wellman had repaid their contributions do we take anything from the fact that you never indicted the defendant on bribery charges your honor the the investigation for bribery was actually opened up under the names of the uh on that uh investigation um i don't the short answer to your honor's question is no i don't think there's much to take of that you don't judge the existence of an investigation or what's material to that investigation based on the investigation's outcome uh you judge it based on the uh the the uh allegations under investigation at the time thank you if there are no other questions uh i'm happy to answer any other questions on the arguments my brief i think i've responded to the issues mr wellman has raised here today so unless there are any other questions what do you do about let's talk about the sufficiency with regard to the three counts of aiding and abetting the false statements on the three who didn't give you any evidence of that um i think we know that it's not enough to simply disbelieve what the witness says there has to be some affirmative evidence of the crime um what what is the affirmative evidence or is it simply a matter of saying that look he did it with all these others so he must have done it with them thank you your honor that that is a portion of it uh that is not the extent of it but absolutely the overall pattern of obstruction that was unveiled at trial we do think that that can color uh the believability of the three witnesses that your honor is referring to now specifically as to mr collins uh we have a few uh examples of independent evidence that supports that conviction first of course his contrary grand jury testimony was read into the record uh he was confronted about that he was cross-examined about that the jury now is that was that admitted as substantive evidence it was your honor i thought there was some instruction that basically said you can consider it as substantive evidence when you're deciding whether to believe ever or something like that it was a strange instruction your honor i don't recall the specific instruction that you are referencing i do know in the trial transcript there is a colloquy between judge van tatenhove and the attorneys where he where that was discussed that the grand jury testimony came in not only for impeachment but also for substantive proof of guilt okay so we have the grand jury testimony as to mr collins so two aspects that are common among all three of these witnesses are one that mr wellman was the driving force behind their contributions he's the reason they gave and second the temporal proximity between the contribution and the subsequent reimbursement i think in all examples it's the reimbursement is either the same day or the following day uh but in all of them they are extremely uh closely tied temporally yeah i i understand that and i think it's very clear that all of these were were strumming contributions but that's not the question the question is whether their false statement to the contrary were aided and abetted by wellman as opposed to their own feeling like i wasn't supposed to do this so i'm going to make up the story well your honor and so to go to that point for mr collins specifically he did recognize in his testimony he used a lot of weasely words he said uh but the key one that i want to point out to your honor is he said it would appear that mr wellman wanted him to stick to his story at the grand jury and so we think in the given all this proof from mr collins and and the overall proof that was presented at trial the jury acted well within its province to disbelieve that uh that uh denial of mr collins and in fact believe the opposite of that we think that is this is why our juries exist in our system we want them to make these credibility determinations and this jury acted well within its province here as to mr nash um so to the same two things with mr wellman driving force behind the uh contribution the temporal proximity i would point out uh that uh mr nash uh admitted on the stand that it was that mr wellman's check to him was a reimbursement and the i think the most critical things uh on top of all that uh for mr nash are the fact that he resigned after 18 or 19 years of working at crm he resigned uh four or five days before his testimony we think that in and of itself uh to a again to a reasonable jury uh we think a jury could reasonably see that resignation after 18 or 19 years as as him as him being uncomfortable with what he knows he's about to do take the stand and lie uh and also the other critical you know story with mr nash is this interaction that he had with mr wellman a few days before the testimony where he told mr wellman i'm going to take the fifth at trial and mr wellman of course told him i knew you didn't have the balls uh we think that that shows very clearly uh uh that is that mr wellman uh is pressuring mr nash into uh lying for him at trial which is in fact what happened as to mr lemaster uh the same two things temporal proximity and driving force those still apply to mr master um he and the key thing as to him that i'd like to point out to the court is that he admitted in his testimony that the story that mr wellman gave him to tell to investigators was in his mind when he spoke to the grand jury so on all of these we think the independent evidence in this record uh supports the jury's determination to believe the opposite of these witnesses uh stories i would point out for this rule to apply of course the that independent evidence that does not in and of itself have to be sufficient otherwise this rule would have no reason to apply it just has to be some degree of external of independent evidence and we do think that exists here and your honor i see i have 10 seconds left so i will simply arrest the remainder of the arguments on my brief and ask the court to affirm thank you all right mr wicker your rebuttal thank you your honor may it please the court i'd like to address three points um raised by mr chapman first is um his argument and explanation that i don't mean to interrupt you but oh the timer just went on it was not on go ahead thank you judge um to address mr chapman's argument that a straw contribution scheme uh if that's what it was is somehow more and a an investigator or the grand jury can consider that we need to remember that there was no dispute that loaning money violates the straw contribution law just as much as giving money or any of the other categories that are covered by that statute so when the witnesses told the alone that's a straw contribution violation so that was known to the to the investigators that was known to the grand jury that could not have made any difference because it was not any different from any other type of straw contribution scheme and which particular word in the statute it to uh i think mr chapman if i believe i understand the point said that you want to make sure that candidate knows where the money is coming from well there was never any secret in this case where the money was coming from it was always coming from mr wellman that was known to the never in doubt never in dispute and then a couple factual questions um and because i've tried the case i know the facts pretty well judge gibbons asked how the case originated it did not originate from uh agents noticing peculiar contributions it originated because the company that did not get the bid for the city hall construction believed that improper actions had taken place and they brought this to the fbi despite having made contributions on their own well in excess of those that came from the winning bidder but that's how the case originated when the fbi got the case and they started looking at bank records of course and they saw that sixteen thousand dollars worth of contributions came from mr wellman but again that was known by the by the investigators and then the final point to judge white's question about the sufficiency of the evidence um relating to the other three witnesses the other three counts 26 and 80 pattern evidence may be permissible to be admitted to determine intent and rule 404 b speaks to that but we don't normally allow pattern evidence to be admitted to show that an act occurred the actus reis has to be proven by independent evidence and cannot be taken from a pattern of doing other things so that's not a proper use of pattern evidence and on the point about the grand jury transcripts although the judge gave the prosecutor permission to introduce those if he wished to he decided not to play them to the grand jury and not to send them back to the grand jury in the grand jury room so the grand jury never saw those transcripts they heard some impeachment evidence of one of the witnesses in which he explained why there were differences but the grand jury never saw that other the grand jury you're not talking about the grand jury right you're talking about the teacher the the trial jury i'm sorry the trial jury never saw the grand jury transcripts and never heard those tapes that's correct um your time is up if um there's nothing further from the panel um i'll say to both of you will consider the case carefully